CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JEFFREY D. NEDROW (CABN 161299)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5045
    FAX: (408) 535-5066
    jeff.nedrow@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> FRANCISCO DE-JESUS MORALES, <br>     Defendant. | NO. 5:25-CR-163-EJD <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> Hearing: November 3, 2025 <br> Time: 1:30 p.m. <br><br> The Honorable Edward J. Davila |

The government respectfully requests that the Court sentence defendant Francisco De-Jesus Morales to a term of six months' imprisonment, a three-year term of supervised release, and a $100 special assessment for his conduct in assaulting three ICE-ERO officers on May 2, 2025. This sentence is adequate, but not greater than necessary, in consideration of the factors enumerated in 18 U.S.C. § 3553 and discussed in further detail below.

I.     **PROCEDURAL BACKGROUND**

On June 12, 2025, an indictment was returned against Morales, charging him with assault on a federal officer with bodily injury, in violation of 18 U.S.C. § 111(a)(1) and (b) (Count One); a second

UNITED STATES' SENTENCING MEMO
5:25-CR-163-EJD

felony count of assaulting a federal officer, in violation of 18 U.S.C. § 111(a)(1) (Count Two); and a misdemeanor count of assaulting a federal officer, also in violation of 18 U.S.C. § 111(a)(1) (Count Three). ECF No. 9.

On October 7, 2025, the defendant entered a guilty plea to Count One of the indictment, the count of assaulting a federal officer with bodily injury, pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(B). ECF Nos. 19, 20. As a part of the plea agreement, the government agreed to recommend a sentence no greater than six months of imprisonment. ECF No. 20 at ¶ 15.

II. **FACTS**[1]

On May 2, 2025, Francisco De-Jesus Morales (Morales) reported to an Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) facility in San Jose, California, and assaulted three officers after they attempted to arrest Morales on an immigration warrant. PSR, ¶ 6.

ICE-ERO had identified Morales as an individual who was not lawfully in the United States. PSR, ¶ 7. A review of Morales's Alien Registration File indicated that Morales was a native and citizen of Nicaragua, and a final order of removal was issued for Morales on March 3, 2025, by a United States Immigration Judge in San Francisco. PSR, ¶ 7. Morales had failed to appear for the Immigration Court hearing, and the Immigration Judge entered the final order of removal for Morales in absentia. PSR, ¶ 7. The government understands that Morales has claimed that he did not receive notice of this hearing and has persuaded the Immigration Court to re-open the case. PSR, ¶ 7, footnote 1.

On May 1, 2025, an authorized immigration officer issued an I-205 warrant providing for Morales's removal and deportation from the United States. PSR, ¶ 8. On that same date, ICE ERO, through a contractor, contacted Morales and asked him to report to an ICE ERO facility on Blossom Hill Road in San Jose for the purpose of turning in a phone that ICE had previously provided him. PSR, ¶ 8. Morales agreed to report in person to the Blossom Hill facility on May 2, 2025. PSR, ¶ 8.

---

[1] The facts in this section are derived from the PSR (ECF No. 55), the government's evidence and discovery materials, and other law enforcement reporting.

At approximately 8:30 a.m. on May 2, 2025, Morales reported to the Blossom Hill Facility. PSR, ¶ 9. Morales signed in at the reception desk and identified himself to an immigration officer. PSR, ¶ 9. Shortly thereafter, Morales was contacted by an ICE Officer (identified in the plea agreement as Victim-2). PSR, ¶ 9. Victim-2 escorted Morales to a conference room in the facility. PSR, ¶ 9.

Upon entering the conference room, Victim-2 put his hands on Morales' shoulders from behind, advised him he was being detained in Spanish, and attempted to handcuff him. PSR, ¶ 10. Morales pulled his arms away and according to Victim-2, Morales swung his left elbow backwards toward Victim-2, striking Victim-2 on his left side with sufficient force to cause Victim-2 to stumble and lose his balance. PSR, ¶ 10. Morales then attempted to flee the conference room and ran into a second officer, identified in the plea agreement as Victim-3. PSR, ¶ 10. Both Victims 2 and 3 attempted to restrain Morales and all three individuals fell to the floor. PSR, ¶ 10. While on the ground, Morales continued resisting apprehension with Victims 2 and 3. PSR, ¶ 10. Ultimately, Morales disengaged from the struggle and stood up. PSR, ¶ 10.

As Morales turned toward the exit door of the facility, a third officer, identified in the plea agreement as Victim-1, arrived in the hallway and grabbed Morales around the head in an effort to take him down. PSR, ¶ 11. All three officers and Morales went to the ground. PSR, ¶ 11. As Morales continued to resist apprehension, he intentionally and forcibly grabbed, twisted, squeezed, and pulled on the genitals of Victim-1. PSR, ¶ 11. Morales eventually released his grip on Victim-1's genitals after being punched multiple times in the head and body by Victims 2 and 3. PSR, ¶ 11. Thereafter, Morales was restrained and placed in handcuffs. SJPD officers and emergency medical personnel arrived at the scene. PSR, ¶ 11.

Morales and the three ICE Officers all received medical attention. PSR, ¶ 11. Morales sustained a cut and bruising to his face. PSR, ¶ 12. As a result of Morales' assaultive behavior, all three ICE Officers sustained injuries. PSR, ¶ 12. Victim-2 was diagnosed with a hairline fracture/strain to his left ankle. PSR, ¶ 12. Victim-3 suffered bruising and abrasions to both knees and an abrasion on one hand, and a deep chest contusion. PSR, ¶ 12. Victim-1 suffered significant bruising to his genitals and back. PSR, ¶ 12. Two of the victims were placed on medical leave as they recovered from their injuries. PSR, ¶ 12. In his plea

agreement, Morales agreed that he assaulted the three officers, and that the injuries to Victim-1 were a result of Morales' assault. PSR, ¶ 12; ECF No. 20, ¶ 2.

### III. THE GUIDELINE CALCULATIONS

On October 20, 2025, a Presentence Report ("PSR") was filed in this case. ECF No. 55. The PSR calculated the defendant's total offense level under the United States Guidelines ("the Guidelines") to be level 13, consistent with the guideline calculation agreed to between the parties in the plea agreement in this case. PSR, ¶¶ 20-29; ECF ¶ 8. The PSR found that the base offense level for Count One, the assault charge resulting in bodily injury, to be a level 10, pursuant to U.S.S.G. § 2A2.4(a). PSR, ¶ 20. The PSR further determined that an upward adjustment of three levels is appropriate because the defendant's conduct involved physical contact with the ICE officers, pursuant to U.S.S.G. § 2A2.4(b)(1). PSR ¶ 21. In addition, the PSR found that an additional two-level upward adjustment is appropriate because Victim-1 sustained bodily injury as a result of the assault. PSR, ¶ 22. After a two-level reduction for acceptance of responsibility, the PSR calculated the final offense level as a level 13. PSR, ¶¶ 28-29.

The PSR calculated the defendant's criminal history points as a criminal history category of I, with a resulting guideline range of 12 to 18 months imprisonment. PSR, ¶ 48.

### IV. A SIX-MONTH SENTENCE IS APPROPRIATE IN THIS CASE

The defendant stands before the Court for sentencing after assaulting three ICE ERO officers when the officers tried to take him into custody based upon a lawfully issued order for deportation issued by an Immigration Judge. The government respectfully requests that the Court impose a sentence of six months imprisonment. Such a sentence holds Morales accountable for the dangerous nature of the assault he committed in this case. The intense physicality with which Morales attacked the officers and forcibly resisted apprehension inflicted significant injuries on all three officers. A six-month sentence appropriately recognizes that such violent conduct is unacceptable and sends a message of both individual and general deterrence. The government recognizes the defendant's lack of criminal history and acceptance of responsibility shortly after he was indicted as factors that weigh in his favor. On balance, the government submits that a sentence of six months imprisonment is sufficient but not greater than necessary to achieve the goals of sentencing.

## VI. CONCLUSION

Based on the above, the government requests that the Court sentence the defendant to a term of six months imprisonment for assaulting the three ICE officers in this case. A six-month sentence is appropriate in light of the nature and circumstances of the offense, the history and characteristics of this defendant, the need to provide just punishment for the offense, and the need to promote respect for the law and protect the public. *See* 18 U.S.C. § 3553(a). The government further requests that the Court order a three-year term of supervised release and a $100 special assessment fee.

DATED: October 27, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

_____/s/_____
JEFFREY D. NEDROW
Assistant United States Attorney